FILED
IN CLERK'S OFFICE

Name: Carol Evangelista

No.03-40034-NMG

2 P 2: 55

Place of Confinement: FCI-Danbury

Prisoner No.80415-038

DISTRICT C
DISTRICT OF M.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CASE NO. _____

CAROL EVANGELISTA

v.

**04-40143**

UNITED STATES OF AMERICA

## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

1. The defendant seeks to vacate, set aside or correct the sentence imposed in the:
United States District Court, District of Massachusetts, Worcester, Massachusetts.

2. Date of judgment of conviction: February 24, 2004.

3. Length of sentence: One year and a day.

4. Nature of offense involved (all counts): Bankruptcy Fraud, 18 U.S.C. §152(1)

5. The defendant pleaded guilty.

6. The defendant did not appeal the judgment of conviction.

7. The defendant has not previously filed any petition, application or motion with respect to this judgment.

8. Pursuant to the decision rendered in Blakely v. Washington, 2004 WL 1402697 (Supreme Court, June 24, 2004), the defendant says that her sentence is illegal, in that her Sixth Amendment right to a jury trial was violated by enhancing her sentence under the Federal Sentencing Guidelines – specifically the enhancements pursuant to § 2B1.1(b)(1)(E) because the loss exceeded $70,000.00 but less than $120,000.00 and § 2B1.1(b)(7)(B) because the offense

involved a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding – when the facts supporting those guideline enhancements were neither mentioned during her plea colloquy nor proved to a jury beyond a reasonable doubt. As further set forth below:

A. Ground one: Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

The Defendant pled guilty to the charge in the Information. The Defendant only pleaded guilty to the elements of the offense. At sentencing, the Defendant's sentence was enhanced pursuant to § 2B1.1(b)(1)(E) because the loss exceeded $70,000.00 but less than $120,000.00 and § 2B1.1(b)(7)(B) because the offense involved a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding. The Defendant did not stipulate to these facts nor were these facts found by a jury beyond a reasonable doubt. The Defendant did not know that she had the right to have these facts found by a jury beyond a reasonable doubt.

B. Ground two: Sentence imposed by use of facts, which were not stipulated to or found by a jury beyond a reasonable doubt.

The Defendant pled guilty to the charge in the Information. The Defendant only pleaded guilty to the elements of the offense. At sentencing, the Defendant's sentence was enhanced pursuant to § 2B1.1(b)(1)(E) because the loss exceeded $70,000.00 but less than $120,000.00 and § 2B1.1(b)(7)(B) because the offense involved a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding. The Defendant did not stipulate to these facts nor were these facts found by a jury beyond a reasonable doubt. The Defendant did not know that she had the right to have these facts found by a jury beyond a reasonable doubt.

9. The defendant does not have any petition or appeal now pending in any court as to the

judgment under attack.

10. The defendant has been represented throughout these proceedings by Peter L. Ettenberg, 370 Main Street, Worcester, MA 01608.

11. The defendant was not sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time.

17. The defendant does not have any future sentence to serve after completion of the judgment under attack.

Wherefore, movant prays that the Court grant her all relief to which she may be entitled in this proceeding.

Respectfully Submitted,
Carol Evangelista,
By Her Attorney,

Peter L. Ettenberg, Esquire
GOULD & ETTENBERG, P.C.
370 Main Street
Worcester, MA 01608
(508) 752-6733
BBO #156520