UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CAROL EVANGELISTA )
)
vs. ) No.
)
UNITED STATES OF AMERICA )
Defendant )

04-40143

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Now comes the Defendant, Carol Evangelista ("Ms. Evangelista"), in the above-entitled matter and hereby submits this memorandum of law in support of her motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255.

### BACKGROUND

On or about October 21, 2003, a one-count felony Information was filed in the United States District Court at Worcester, Massachusetts charging Ms. Evangelista with Bankruptcy Fraud in violation of 18 U.S.C. § 152(1).

On or about November 20, 2003, Ms. Evangelista entered a plea of guilty to the Information. There was no plea agreement between the Government and Ms. Evangelista. Ms. Evangelista pled guilty only to the elements of the offense. She did not sign any agreements waiving any rights to an appeal or review of her sentence. She also did not sign any agreements to waive any rights she may have had to a jury determination of which enhancements, if any, should apply at her sentencing.

Ms. Evangelista was sentenced on February 24, 2004. Her sentence was based on a total offense level of 13. This level called for a base offense level of 6; an enhancement of 8 pursuant to § 2B1.1(b)(1)(E) because the loss exceeded $70,000.00 but less than

$120,000.00; an enhancement of 2 pursuant to § 2B1.1(b)(7)(B) because the offense involved a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding; and a downward departure of 3 for acceptance of responsibility; thus resulting in a total offense level of 13.

## ARGUMENT

### I.    Introduction

Ms. Evangelista now seeks to correct the sentence imposed on her pursuant to 28 U.S.C. § 2255. Under 28 U.S.C. § 2255, a petitioner must show that she is entitled to relief by demonstrating that her sentence was imposed "in violation of the Constitution of the laws of the United States," or that the sentence was "in excess of the maximum allowed by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

Ms. Evangelista asserts that her Sixth Amendment right to a jury trial was violated by enhancing her sentence under the Federal Sentencing Guidelines – specifically the enhancements pursuant to § 2B1.1(b)(1)(E) because the loss exceeded $70,000.00 but less than $120,000.00 and § 2B1.1(b)(7)(B) because the offense involved a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding – when the facts supporting those guideline enhancements were neither mentioned during her plea colloquy nor proved to a jury beyond a reasonable doubt. See Blakely v. Washington, 2004 WL 1402697 (Supreme Court, June 24, 2004).

### II.   The Effect of Blakely on the Instant Case

In Blakely v. Washington, 2004 WL 1402697 (Supreme Court, June 24, 2004), the Supreme Court applied Apprendi v. New Jersey, 530 U.S. 466 (2000), to determine sentencing regimes, such as those found in the United States Sentencing Guidelines.

Based on Apprendi, the Supreme Court held in Blakely that the defendant's sentence could not be enhanced based on a factor to which the defendant did not stipulate and that a jury did not find. Blakely, 2004 WL 1402697 at *5-18.

In Blakely, the defendant pleaded guilty to second degree kidnapping involving domestic violence and use of a firearm. Id. at *3. Second degree kidnapping was a class B felony subject to a statutory maximum sentence of no more than ten years. Id. at *5. Under Washington's Sentencing Reform Act, given the defendant's criminal history, the second degree kidnapping involving a firearm was assigned a "standard range" sentencing range of 49 to 53 months imprisonment based on a beginning range of 13-17 months and a 36 month increase for the gun. Id. Pursuant to the Act, the judge could depart upwards from the standard range (that is, impose an "exceptional sentence") only upon finding "substantial and compelling reasons," excluding facts that were already embodied in the standard sentencing range. Id. Based upon a finding of "deliberate cruelty" (one of the non-exclusive statutory aggravating factors), the sentencing judge impose a 90 month exceptional sentence. Id.

The State contended that there had been no violation of the rule of Apprendi because the relevant statutory maximum sentence was 10 years – the maximum that could not be exceeded, even by an "exceptional sentence." Id. at *6. The Blakely court disagreed, finding that the standard range constituted the relevant statutory maximum. Id. at *6.

In Apprendi, the Court had held:

> Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

3

Id. at *5 (quoting Apprendi, 530 U.S. at 490). The Blakely court noted that Apprendi was based upon "two longstanding tenets of common-law jurisprudence," both of which emphasized what is legally essential to punishment in the context of jury trials. The Court stated the tenets:

> That the "truth of every accusation" against a defendant "should afterwards be confirmed by the unanimous suffrage of twelve of his equals and neighbours," W. Blackstone, Commentaries on the Laws of England 343 (1769), and that "an accusation which lacks any particular fact which the law makes essential to the punishment is ... no accusation within the requirements of the common law, and it is no accusation in reason," 1 J. Bishop, Criminal Procedure § 87, p. 55 (2d ed. 1872).

Id. at *10.

The Court in Blakely pointedly explained that: "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id. at *6. The Court explained further that: "In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Id. The Court concluded this specific analysis by stating : "When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,' and the judge exceeds his proper authority." Id.

The upward adjustments which Ms. Evangelista seeks to correct in the instant case are based on facts obtained from sources other than a stipulation or jury verdict. Accordingly, Ms. Evangelista seeks to set aside the enhancements included in her total offense level of 13 – an 8 level increase pursuant to § 2B1.1(b)(1)(E) because the loss

4

exceeded $70,000.00 but less than $120,000.00 and a 2 level increase pursuant to § 2B1.1(b)(7)(B) because the offense involved a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding, as these increases are a violation of her Sixth Amendment Right to a jury trial since they are based on facts to which Ms. Evangelista did not stipulate to nor which were found by a jury beyond a reasonable doubt.

### III.    Blakely Applies to the United States Sentencing Guidelines

While Blakely was decided on Washington State law, the broadly worded opinion applies equally to federal sentencing law. In the State of Washington, the determinate sentencing regime is based on statutory considerations, not, as in the federal sentencing regime, guidelines. Nevertheless, the United States Sentencing Guidelines have the force and effect of law. See Mistretta v. United States, 488 U.S. 361, 393-94 (1989) and 28 U.S.C. § 994(p) (Guidelines submitted to Congress and become effective at will of Congress); Stinson v. United States, 508 U.S. 36, 42 (1993) and 18 U.S.C. § 3553(b) (Guidelines must be applied as law by judges). The justices who dissented in Blakely acknowledged that the majority opinion would affect other determinant sentencing regimes, including the Federal Sentencing Guidelines. See e.g. Blakely, 2004 WL 1402697 at *16 (majority's "decision casts constitutional doubt over" all of the state and federal sentencing guidelines systems); Id. at * 29 ("Perhaps the Court will distinguish the Federal Sentencing Guidelines, but I am uncertain how.").

In the weeks since Blakely was decided, judges across the country in reported and unreported decisions, and at sentencing hearings, have expressed the view that Blakely applies to the Guidelines. See e.g. United States v. Montgomery, No. 03-5256 (6th Cir.

5

July 14, 2004); United States v. Moran, No. 02-1-136-REK (D.Mass. July 8, 2004); United States v. Croxford, No. 2L02-CR-0030PGC (D.Utah June 29, 2004); United States v. Gonzalez, 2004 WL 1444872 (S.D.N.Y. June 28, 2004); United States v. Shamblin, 2004 WL 1468561 (S.D.W.Va. June 30, 2004); United States v. Fanfan, No. 03-47-P-H (D.Maine June 28, 2004).

## IV. Blakely is a Not a New Rule of Constitutional Law

Relief cannot be granted under § 2255 on the basis of a "new" rule of constitutional law unless the Supreme Court itself made the rule retroactive. See Tyler v. Cain, 533 U.S. 656, 662-63 (2001).

The rule announced in Blakely can be applied in the instant case as Blakely is not a new rule but instead an inescapable application of Apprendi v. New Jersey, 530 U.S. 466 (2000).

The Defendant acknowledges that in Schriro v. Summerlin, 2004 U.S. Lexis 4574 (June 24, 2004), decided the same day as Blakely, the Supreme Court held that the rule in Ring v. Arizona, 536 U.S. 584 (2002), requiring jury determination of aggravating facts, could not be applied retroactively to Summerlin's case, because the rule was "new" when Summerlin's direct appeal ended. In Summerlin, however, Summerlin's conviction was final well before the Court decided Apprendi, and thus, the Court had no need to address whether the rule in Ring may have been compelled, dictated or mandated by Apprendi.

Blakely, unlike Ring, however, is not a new rule. Blakely did not require the Court to overrule any earlier precedent. Instead, it was dictated and compelled by the then existing precedent of Apprendi. Accordingly, since Ms. Evangelista's conviction

6

became final long after the Supreme Court's decision in <u>Apprendi</u>, <u>Blakely</u>, as a mere application of <u>Apprendi</u>, is not a new rule and must be applied to the instant case.

## V. The Appropriate Sentence under Blakely in the Instant Case

Although the reasoning of <u>Blakely</u> should apply to the instant case, <u>Blakely</u> does not have such a broad and sweeping effect as some commentators may fear. The Court may apply <u>Blakely's</u> reasoning to the subject of enhancements under the Guidelines without declaring the Guidelines entirely unconstitutional.

<u>Blakely</u> modestly yet importantly modifies the burden of proof that applies at sentencings. It will prospectively place limited additional factual issues before trial juries, and equates standard guideline maximums to statutory maximums for purposes of the rule announced in <u>Apprendi</u>, 533 U.S. 466. With respect to <u>Blakely's</u> impact on the United States Sentencing Guidelines, there is no "severability" issue because the only potentially problematic aspect of the Guidelines appears in a single reference within the Commentary to USSG § 6A1.3 that suggests the appropriateness of the preponderance standard at sentencing, a provision that pre-<u>Blakely</u> courts had readily viewed as subject to Sixth Amendment requirements that imposed heightened burdens of proof on the government. In the long term, the <u>Blakely</u> decision will have far less impact than perhaps anticipated on the criminal justice system by the integration of <u>Blakely</u> procedures into the existing framework of the Guidelines.

With this in mind, Ms. Evangelista submits that her sentence should be corrected and she should be sentenced to no more than the guideline maximum that can be computed based on her admissions in connection with her guilty plea. This would result

7

in a total offense level of 12, a criminal history category of I, and her guideline range would be 10-16 months.

Respectfully Submitted,
Carol Evangelista,
By Her Attorney,

*/s/ Peter L. Ettenberg*

Peter L. Ettenberg, Esquire
GOULD & ETTENBERG, P.C.
370 Main Street
Worcester, MA  01608
(508) 752-6733
BBO #156520

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

04-40143

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Carol Evangelista

### DEFENDANTS
United States of America

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Peter L. Ettenberg
370 Main St.
Worcester, MA 01608
508 752-6733

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [X] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
Citizen of This State: PTF [X] 1   DEF [ ] 1   Incorporated or Principal Place of Business In This State: PTF [ ] 4  DEF [ ] 4
Citizen of Another State: PTF [ ] 2  DEF [ ] 2   Incorporated and Principal Place of Business In Another State: PTF [ ] 5  DEF [ ] 5
Citizen or Subject of a Foreign Country: PTF [ ] 3  DEF [ ] 3   Foreign Nation: PTF [ ] 6  DEF [ ] 6

### IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

[X] 510 Motions to Vacate Sentence

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
[X] 1 Original Proceeding

### VI. CAUSE OF ACTION
28 USC § 2255

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
JURY DEMAND: [ ] YES  [X] NO

### VIII. RELATED CASE(S) IF ANY
JUDGE: Gorton
DOCKET NUMBER: 03-40034-NMG

DATE: 7/22/04
SIGNATURE OF ATTORNEY OF RECORD: Peter L. Ettenberg