**United States District Court**
**District of Massachusetts**

```
                                    )
CAROL EVANGELISTA,                  )
                                    )
        Petitioner,                 )
                                    )   Civil Action No.
        v.                          )   04-40143-NMG
                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Respondent.                 )
                                    )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This petition for habeas corpus filed pursuant to 28 U.S.C. § 2255 arises out of the petitioner's guilty plea and sentence with respect to one count of bankruptcy fraud. Petitioner, Carol Evangelista ("Evangelista") seeks to correct her sentence on the ground that it was enhanced based upon facts neither found by a jury nor admitted by her in violation of the holding in Blakely v. Washington, 542 U.S. 296 (2004).

## I. **Background**

On October 21, 2003, Evangelista was charged with one count of bankruptcy fraud in violation of 18 U.S.C. § 152(1) for concealing assets from her creditors and the bankruptcy trustee. On November 20, 2003, she pled guilty. A sentencing hearing was held on February 24, 2004 and, after oral argument, the Court

-1-

imposed an eight-level enhancement because it found that the loss exceeded $70,000 but was less than $120,000 and a two-level enhancement because it found that the offense involved a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding.

On July 22, 2004, after the Blakely decision had been rendered but before United States v. Booker, 125 S.Ct. 738 (2005) was decided, Evangelista filed the instant petition for a writ of habeas corpus arguing that the enhancements had been improperly imposed because the facts underlying them were neither admitted by her nor proven to a jury beyond a reasonable doubt.   The government filed an opposition arguing, among other things, that Blakely does not apply to the United States Sentencing Guidelines.

## II.  **Legal Analysis**

In United States v. Booker, 125 S.Ct. 738 (2005), the Supreme Court considered the application of the Sixth Amendment to the United States Sentencing Guidelines.   On January 12, 2005, two opinions with two separate majorities were announced.   In the first opinion, the issue was:

whether the Sixth Amendment is violated by the imposition of an enhanced sentence under the [Guidelines] based upon the sentencing judge's determination of a fact ... not found by a jury or admitted by the defendant.

Justice Stevens, writing for the majority, answered affirmatively

and held that any fact other than a prior conviction which is necessary to support a sentence must either be admitted by the defendant or proven to a jury beyond a reasonable doubt.

The majority in the so-called constitutional decision was persuaded that, because the Guidelines were binding upon courts, they had always been treated as having the force of law. Id. at 750. Thus, the relevant "statutory maximum" was found not to be the maximum prescribed by the defining statute but, rather, the maximum that the Guidelines would permit based only upon facts found by the jury or admitted by the defendant. Once "statutory maximum" was so defined, the application of Apprendi v. New Jersey, 530 U.S. 466 (2000) was straightforward: any fact that increases the penalty for a crime beyond the prescribed guideline maximum must be submitted to a jury. Accordingly, the majority in the constitutional decision found the Guidelines in present form to be incompatible with the "substance" of the Sixth Amendment's guarantee of trial by jury. Id. at 752.

In the second opinion, the so-called remedial decision, the Supreme Court addressed the remedy for that incompatibility. Two potential remedies were considered : 1) "engrafting" the Sixth Amendment's jury trial requirement onto the Guidelines, resulting in a trial to a jury of all supporting facts not admitted by the defendant, or 2) eliminating unconstitutional provisions of the Guidelines. Id. at 757. Justice Breyer, writing for the

-3-

majority, chose the latter.

The "remedial" majority argued that Congress would not choose to engraft because 1) the purpose of the Guidelines is to sentence consistently based upon the "real conduct" of defendant and the requirement of jury findings impedes that goal, 2) the resulting system would be enormously complex (e.g. long indictments, confusing trials) and 3) a large amount of power would be transferred from judges to prosecutors. Id. at 759-64. Thus, the majority remedied the Sixth Amendment violation found in the first opinion by excising from the statute § 3553(b) (making the Sentencing Guidelines mandatory) and § 3742(e) (setting forth standards of review on appeal). Id. at 764-67. To fill the appellate-review vacuum, a standard of review for "unreasonableness" was inferred.

After Booker, the Sentencing Guidelines assume an advisory role and district courts "must consult [the] Guidelines and take them into account when sentencing." Id. at 766. Because the Guidelines are non-binding, however, a court runs afoul of the Sixth Amendment only if it imposes a sentence exceeding the statutory maximum. See Apprendi, 530 U.S. at 490. Within that range, Judges may still make findings of fact with respect to enhancements and apply the preponderance of the evidence standard in so doing. United States v. Magallanez, 408 F.3d 672, 685 (10th Cir. 2005). In effect, because Booker removed Sixth

Amendment concerns from sentencing, also eliminated was any
potential requirement that sentencing factors be found by a jury
beyond a reasonable doubt.

In light of Booker, petitioner's claim for relief is
unsustainable.  Assuming that the petitioner did not admit facts
sufficient to support the enhancements imposed, they were
nonetheless proper because the supporting facts were found by
this Court by a preponderance of the evidence and the resulting
sentence was within the statutory range.  Accordingly, this
petition for a writ of habeas corpus will be dismissed.

### ORDER

In accordance with the foregoing, the petitioner's Motion to
Vacate, Set Aside or Correct Sentence (Docket No. 1) is **DENIED**
and this petition is **DISMISSED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated October 27, 2005

-5-